UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

GAUTAM S. ADANI, SAGAR R. ADANI, VNEET S. JAAIN, RANJIT GUPTA, CYRIL CABANES, SAURABH AGARWAL, DEEPAK MALHOTRA, and RUPESH AGARWAL,

Defendants.

**MEMORANDUM & ORDER**
**24-CR-0433 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

By Memorandum and Order dated August 10, 2026 (the "August 10 Order"), the court granted in part and reserved decision in part on the U.S. Department of Justice's Rule 48(a) Motion.[1] (August 10 Order (Dkt. 49); *see also* Rule 48(a) Mot. (Dkt. 23).) Now pending before the court is the Department's request for the court to grant the pending portions of its Motion and dismiss with prejudice Counts One and Five as alleged against the remaining defendants: Non-Appearing Defendants Ranjit Gupta, Cyril Cabanes, Saurabh Agarwal, Deepak Malhotra, and Rupesh Agarwal. (McCotter Ltr. Dated 8/14/2026 ("Aug. 14 Ltr.") (Dkt. 56).)

For the reasons thoroughly explained on pages 22-44 of the August 10 Order—the entirety of which is fully incorporated by reference herein—and the additional reasons that follow, the government has not provided sufficient factual information to support the stated reasons to dismiss Counts One and Five. Given

[1] Unless otherwise indicated, capitalized terms have the same definitions assigned in the August 10 Order. When quoting the court's previous orders, unless otherwise noted, all alterations are adopted and all citations, emphases, internal quotation marks, and ellipses are omitted. The same is true when quoting cases.

the failure to satisfy this threshold, procedural requirement of Rule 48(a), the court DENIES the pending portions of the Department's Rule 48(a) Motion WITHOUT PREJUDICE.

## I. BACKGROUND

The court assumes familiarity with the factual background and procedural history of this case as set forth in its prior orders dated June 26, July 8, July 15, and August 10, 2026. (*See* August 10 Order at 2-17 (summarizing the background facts and procedural history).) Therefore, the court provides a brief recitation of only the pertinent facts and procedural developments in this case between August 10, and September 3, 2026.

### A. The August 10 Order

On August 10, the court reserved judgment on the portions of the Rule 48(a) Motion requesting dismissal of Counts One and Five against Non-Appearing Defendants with prejudice "pending the Department's fulfillment of its Rule 48(a) obligations as to these Counts." (*Id.* at 2.) The court directed the Department to "provide the court with sufficient factual support for each reason" for the requested dismissal of Counts One and Five by August 31, 2026. (*Id.* at 46.)

### B. The August 11 Letter

On August 11, R. Trent McCotter—now, the Acting Deputy Attorney General—submitted a letter "in response" to the August 10 Order. (McCotter Ltr. Dated 8/11/2026 ("Aug. 11 Ltr.") (Dkt. 50) at 1.) Therein, McCotter incorrectly asserted that the court had "disagreed" with a "number of [his] stated reasons" for the requested dismissal of Counts One and Five; "urge[d]" the court to "reconsider its rejection of those reasons"; and set a deadline—stating that if the court did not "dismiss the remaining

charges with prejudice by the end of the day on August 25," he intended to "seek appellate relief."[2] (*Id.* at 2-3.)

Critically, the August 11 letter offered no new reasons to dismiss Counts One and Five, and no additional facts to support the reasons given for the requested dismissal in McCotter's letter dated July 4, 2026, (McCotter Ltr. Dated 7/4/2026 ("July 4 Ltr.") (Dkt. 37)). Instead, McCotter merely repeated a subset of the unsubstantiated opinion statements in his July 4 letter, including that "India had a stronger interest in evaluating the alleged misconduct, that there are no victim interests to vindicate, and that [Non-Appearing Defendants] have no immediate prospect of facing arrest," as well as his "belief" that the FCPA charges "should be dismissed under the Blanche Memorandum" and that the obstruction charges "[were] likely to yield an advice of counsel defense."[3] (Aug. 11 Ltr. at 2-3.)

### C. The August 12 Order

In an order dated August 12, 2026 (the "August 12 Order"), the court concluded that McCotter's August 11 letter did not satisfy

---

[2] Contrary to McCotter's claim, the court in its August 10 Order did not "disagree" with any one of his many proffered reasons for dismissal. (Aug. 11 Ltr. at 1.) Instead, the court concluded that it did not have the requisite "sufficient factual information" to support all but one of those reasons. (August 10 Order at 22-44.) In other words, the court found that Rule 48(a)'s procedural requirements were not met as to the requested dismissal of Counts One and Five because McCotter's July 4 letter did not give the court sufficient factual information to support his proffered rationale to dismiss these Counts.

[3] As McCotter points out, these statements—like those in "[his prior] filings"—amount to "only [his] own views." (Aug. 11 Ltr. at 2 n.2.) In other words, the court has before it not specific facts but opinions—opinions based on "evidence" that McCotter says that he reviewed prior to filing the Rule 48(a) Motion, but that he has not submitted to the court. (*See id.* at 2-3; July 4 Ltr. at 6-9.)

the court's August 10 Order because it "provide[d] neither 'factual support for each proffered reason' for the decision to dismiss Counts One and Five with prejudice, nor confirmation that the Department 'advised counsel for Non-Appearing Defendants of their obligation' to provide 'the direct assurances of Non-Appearing Defendants' consent to the Rule 48(a) Motion on the record.'"[4] (August 12 Order (quoting August 10 Order at 46-47).) The court directed the government to "review the [August 10] Order and to comply with the requirements set forth on pages 46-47" by the previously imposed deadline of August 31, 2026. (*Id.*).

Subsequently, in letters to the court dated August 12 and 13, counsel for Non-Appearing Defendants confirmed their clients' consent to the Rule 48(a) Motion.[5] (Dkts. 51-55.)

### D. The August 14 Letter

On August 14, McCotter submitted a 1.5-page letter to the court. Therein, McCotter did not purport to offer additional facts. Instead, he referred the court to "[his] previous explanations" in the July 4 and August 11 letters and stated that "[he] hereby swear[s] to their accuracy to the best of [his] knowledge." (Aug. 14 Ltr. at 1-2.)

McCotter also argued that the statements in his July 4 and August 11 letters provide "far more information than Rule 48 or any binding precedent requires" because the "statements of the actual decisionmaker provide any necessary evidentiary basis in full." (*Id.* at 1-2.) However, he cited no authority—either for his

[4] The court reiterates that "whether a defendant consents to dismissal is not dispositive" and that "a court may deny dismissal even when the defendant consents to the motion." (August 10 Order at 20.)

[5] Notwithstanding these letters, as of this Memorandum & Order, counsel for Non-Appearing Defendants have not entered their appearances on the docket.

conclusion or for the legal premise on which it was based. Notwithstanding the lack of legal support for this argument, McCotter ended the August 14 letter stating that if the court is "still not satisfied, it must deny the remaining portion of the [Rule 48(a) Motion] to allow for appellate relief." (*Id.* at 2.)

## II. DISCUSSION

As detailed in this court's prior orders, the court's role on a Rule 48(a) motion is narrow and distinctly judicial: "to ensure the Executive satisfies the Rule's procedural and substantive components." (August 10 Order at 20; *see also* June 26 Order (Dkt. 36) at 3-4.) Given McCotter's apparent confusion regarding these distinct components, the court proceeds first by clarifying Rule 48(a)'s requirements and then by explaining why—as to the requested dismissal of Counts One and Five—the procedural requirements are not met on the current record.

### A. Rule 48(a)'s Requirements

As detailed in the August 10 Order, Rule 48(a)'s procedural component has two requirements: the government must provide "a statement of reasons *and* underlying factual basis." (August 10 Order at 20 (emphasis added).) Specifically, the government must provide both: (1) its actual reasons for the requested dismissal (the "proffered rationale"); and (2) "sufficient factual information" for the court to "be satisfied" that the proffered rationale is both "real" and "substantial." (*Id.* at 21.) For the factual basis to be "sufficient," the government must provide more than bare conclusions and unsupported statements. (*See id.* at 20 (collecting cases)). Instead, the government must give the court the specific facts—the evidence—allowing the court to reach the proffered rationale from the evidence presented. *See United States v. Adams*, 777 F. Supp. 3d 185, 227 (S.D.N.Y. 2025) (citing *Dep't of Com. v. New York*, 588 U.S. 752, 785 (2019)). Put differently, the factual support cannot be deemed "sufficient" when, as

here, there is an absence of factual support for the proffered rationale, or an "incongruity" between the "proffered . . . rationale and the record." *Id.* (citing *Dep't of Com.*, 588 U.S. at 785).

As compared to the procedural requirements, Rule 48(a)'s substantive requirements are less well defined. That said, the Supreme Court long ago made clear that the government can satisfy the requirements when the decision to terminate a prosecution is "motivated by considerations which cannot fairly be characterized as 'clearly contrary to manifest public interest.'" *Rinaldi v. United States*, 434 U.S. 22, 30 (1977). In the years since, lower courts have cited "the protection of a defendant's rights" and "a prosecutor's bad faith" as additional "relevant" considerations to the substantive inquiry. *Adams*, 777 F. Supp. 3d at 209. However, these courts continue to disagree about the extent to which any one of these considerations may weigh in favor (or against) a court's decision to grant leave under Rule 48(a).[6] *Id.* at 210. The Second Circuit has "declined to define 'the precise contours of a district court's authority in resolving a Rule 48(a) motion.'"[7] *Id.* at 211 (quoting *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 141 (2d Cir. 2017)); *see also United States v. Blaszczak*, 56 F.4th 230, 258 (2d Cir. 2022) (Sullivan, J., dissenting) (describing the majority's lengthy discussion of prosecutorial discretion—including, presumably, its discussion of Rule 48(a)—as "dicta").

---

[6] For one comprehensive review of the courts' different treatment of these considerations with respect to Rule 48(a)'s substantive requirements through April 2025, see U.S. District Court Judge Dale E. Ho's opinion in *Adams*, 777 F. Supp. 3d at 209-11 & n.29.

[7] Given that today's decision—just like the court's August 10 decision to reserve judgment—rests exclusively on procedural grounds, the court need not (and thus does not) reach or otherwise attempt to define the exact boundaries of a court's permissible inquiry into the substantiality of the government's proffered reasons for dismissal.

### B. Analysis

In light of McCotter's refusal to provide additional facts as requested in the August 10 Order, and because the August 11 and 14 letters do not cure the procedural deficiencies identified in the August 10 Order, the court must deny the pending portions of the Rule 48(a) Motion.[8]

In the August 11 and 14 letters, McCotter makes clear that the proffered rationale for the requested dismissal of Counts One and Five were fully set forth in his July 4 letter: Overlapping Bases 1-6; and the "charge-specific" reasons to dismiss the FCPA and obstruction charges, respectively. Rather than heed the court's instruction to provide additional facts in support of those reasons, McCotter asserts that the statements in his July 4 and August 11 letters—sworn to on August 14, 2026—are sufficient.

Not so.

The court cannot agree with McCotter's unsubstantiated, self-serving pronouncements that: (1) on a Rule 48(a) motion to dismiss an indictment, the decisionmaker's "statements . . . provide any necessary evidentiary basis in full"; and (2) the "views" he shared in his July 4 and August 11 letters provide "far more information" than Rule 48(a) "requires."[9] (Aug. 14 Ltr. at 1, 2.)

---

[8] The court reiterates that due to the procedural deficiencies in McCotter's submissions, the court in this Order does not reach Rule 48(a)'s substantive component: here, whether the Department has provided a "substantial" reason for the proposed dismissal of Counts One and Five.

[9] Here, the court clarifies that the *number* of reasons the government may proffer for its dismissal decision is of zero relevence. Courts can and do routinely grant Rule 48(a) motions supported by just one proffered rationale—so long as that reason is accompanied by sufficient factual information. Such was the case in, for example, Associate Judge Todd E. Edelman's recent decision to grant the government's Rule 48(a) motion in *United States v. Hearn*, 2026 CF2 010237 (TEE) (D.C. Super. Ct. Aug. 6,

As explained on pages 23-30 of the August 10 Order, for each Overlapping Basis, McCotter's statements do not amount to specific facts that allow the court to reach McCotter's stated conclusions—i.e., the proffered reasons for dismissal of Counts One and Five offered in Overlapping Bases 1-6. That these statements are now sworn does not change the court's analysis, nor does it change the court's conclusion that "none of McCotter's 'overlapping' bases for dismissal provide any factual basis for his decision to end this prosecution." (August 10 Order at 23.) The lack of any means for the court to evaluate many of McCotter's statements is particularly problematic given that for at least one Overlapping Basis, the only evidence before the court appears to contradict the proffered rationale: that Counts One and Five should be dismissed because India "investigated" the "allegations in *this* case" and "found no actionable misconduct." (*Id.* at 25 (quoting July 4 Ltr. at 6) (emphasis added); *id.* at 25-27 (observing that the evidence offered to support these claims appears to show that India decided "*not* to investigate," that the alleged conduct in those cases "bear very little resemblance (if any) to the alleged conduct in the Indictment," and that "no document concludes that nothing inappropriate happened" in *this*

2026). In a 20-page motion, the government supported its singular basis for dismissal—that "recently-produced materials significantly undermine the evidentiary basis for the indictment"—with, *inter alia*, photographs, affidavits, and reports from the U.S. Park Police, engineers, and third-party contractors, among others. Dept's Mot. to Dismiss Indictment, *United States v. Hearn*, 2026 CF2 010237 (TEE) (D.C. Super. Ct. July 31, 2026). In granting the motion, Judge Edelman highlighted the "considerable detail[ed] information" provided by the government in support of its proffered rationale and that that evidence "strongly suggests" an uncharged party was, in fact, responsible for the alleged conduct in the indictment. *Hearn*, 2026 CF2 010237, at 1. In this case, the court concluded that the Non-Actionable Puffery Rationale alone provided a sufficiently supported, substantial basis to dismiss Counts Two, Three, and Four as alleged against Appearing Defendants with prejudice. (August 10 Order at 32.)

case).) By definition, evidence that appears to contradict the government's proffered rationale cannot serve as sufficient factual support for that stated reason to dismiss under Rule 48(a)'s procedural component.

The same is all true for McCotter's "charge-specific" reasons to dismiss Counts One and Five, as well. His sworn views give the court no way to evaluate his statements in support of each proffered rationale, do nothing to change the court's analysis on pages 37-44 of the August 10 Order, and appear to be contradicted by the specific facts that *are* before the court, (*e.g.*, *id.* at 37-41 (explaining that based on the allegations in the Indictment, the Blanche Memorandum *supports* the continued prosecution of this case)).[10]

In sum, Rule 48(a) requires the government to submit *both* reasons for the requested dismissal and sufficient factual support for those reasons. (*Id.* at 20.) For the reasons thoroughly explained in the August 10 Order, and the additional reasons above, McCotter's unsubstantiated, conclusory statements may amount to reasons for his requested dismissal, but they do not also serve as sufficient underlying facts in support of those reasons. As a result, Rule 48(a)'s procedural requirements are not met, and the court must deny the Department's Motion to dismiss Counts One and Five.[11]

---

[10] While McCotter insists that it is his role alone to interpret and apply the Blanche Memorandum to the alleged conduct, it is unquestionably the court's duty to review the facts before it—particularly when, as here, the Memorandum is offered as the only "evidence" in support of the proffered rationale to dismiss Count One. (*See* Aug. 11 Ltr. at 2.)

[11] Beyond his refusal to submit the necessary factual support, McCotter's reasoning in the August 14 letter is unpersuasive. For example, McCotter contends that he is unable to provide factual support for "a *lack* of evidence showing that the FCPA charges satisfied the Blanche Memorandum." (Aug. 14 Ltr. at 1 (emphasis in original).) Yet, he could have provided—as

The court's conclusion that McCotter's sworn statements do not provide the necessary evidentiary basis under Rule 48(a)'s procedural component is bolstered by the Rule's text, purpose, and history.

The Rule's "leave of court" language clearly necessitates judicial review, and this review is meant to serve as a critical check on Executive power. (*Id.* at 18-20 (collecting cases).) After all, Rule 48(a)'s requirement that the government set forth the reasons and underlying factual basis for its dismissal determination, is meant to help guarantee the equal administration of justice, uphold the rule of law, and at the very least ensure that a prosecutor's reasons to dismiss an indictment returned by a grand jury can be scrutinized by courts and the public. (*See id.* at 18-20, 45; *see also* June 26 Order at 3-4.)

These fundamental principles were on display in then-Chief Judge for the Southern District of New York David Edelstein's 1977 decision to deny a Rule 48(a) motion and then uphold that decision on the government's motion for reconsideration. *United States v. N.V. Nederlandsche Combinatie Voor Chemische Industrie* ("*Nederlandsche I*"), 428 F. Supp. 114 (S.D.N.Y. 1977); *United States v. N.V. Nederlandsche Combinatie Voor Chemische Industrie* ("*Nederlandsche II*"), 75 F.R.D. 473 (S.D.N.Y. 1977).[12] Although

---

the Government did to support its Rule 48(a) motion in *Hearn*—affidavits and reports supporting the purported lack of evidence, including, for example, expert reports supporting his statement that the alleged bribery payments "could be characterized as customer rebates, which are a common and acceptable commercial practice." (Aug. 11 Ltr. at 3); *see also supra* note 9. Instead, all the court has to go on are McCotter's unsubstantiated "views," *supra* note 3, the Blanche Memorandum's text, and the Indictment's allegations.

[12] *Nederlandsche* involved the requested dismissal of an indictment alleging a criminal conspiracy to fix prices, control bidding and buying, and allocate customers and markets in the sale of certain products. *See Nederlandsche I*,

Judge Edelstein's opinions predate the crystallization of Rule 48(a)'s procedural-substantive distinction and do not use such language as a result, the court finds the reasoning in these cases persuasive and that they provide further support for the court's rejection of the Rule 48(a) Motion in this case.[13]

As relevant here, in *Nederlandsche,* the government offered three reasons for its requested dismissal of the indictment—one for each group of defendants. First, the government requested dismissal of the indictment against defendant John Massaut because his prosecution "would be at great public expense without any certainty of success." *Nederlandsche I,* 428 F. Supp. at 117. Second, the government proffered that the indictment must be dismissed against all other individual defendants because, "since most of [them] played minor roles, it would be unfair to proceed against them while Massaut was being dismissed." *Id.* Third, the government requested dismissal against the "remaining foreign corporations" because "the possibility of their coming to the United States in some future year is neither sufficiently great nor important to justify the expense and inconvenience of continued commitment of resources to this case, including further immigration surveillance, possibly for many more years." *Id.*

Judge Edelstein denied the government's motion in full. First, he rejected the proffered rationale for Massaut's dismissal, concluding that the "uncertainty . . . inherent in every litigation" was not a sufficient reason for the requested dismissal given that the "outcome of litigation, cannot be predicted with complete

---

428 F. Supp. at 116. The defendants included foreign corporations and individuals who allegedly played a significant role in the conspiracy. *Id.*

[13] Likewise, the court finds nothing in the Supreme Court's later opinion in *Rinaldi* or the Second Circuit's more recent opinion in *Blaszczak* to negate or otherwise detract from Judge Edelstein's reasoning.

accuracy."[14] *Id.* Second, he concluded that denial of the motion as to the remaining individual defendants "follows from the denial of the motion as to Massaut." *Id.* Finally, he denied the request to dismiss the foreign corporate defendants because he found the government's claims about the unlikelihood of "their coming to the United States in some future year" entirely unsubstantiated. *Id.*; *see also Nederlandsche II*, 75 F.R.D. at 475 (clarifying that this government contention was "explicitly rejected" in *Nederlandsche I* as "mere conjecture").

The government subsequently moved for reconsideration on two grounds: (1) the "constitutional framework of the doctrine of Separation of Powers"; and (2) its view that "there is virtually no possibility that these defendants could ever be brought to trial." *Nederlandsche II*, 75 F.R.D. at 474-75. The Chief Judge rejected both grounds. As to the first, he concluded that "Rule 48(a) necessarily turns what was once solely the prerogative of the executive into a shared responsibility between the executive and judicial branches of government." *Id.* at 475. As to the second, he found the government's contention was "mere conjecture." *Id.* at 476. Doubling down on the findings set forth in *Nederlandsche I*, the Chief Judge wrote: "If denial of the government's motion to dismiss based on such findings . . . is beyond the court's authority under Rule 48(a), the court's responsibility as announced in that rule is indeed nugatory." *Id.* at 474-75.

The reasons set forth in McCotter's letters to this court are similar to those given by the government to Judge Edelstein—in both their content and their deficiencies. Like the government's proffered rationale in *Nederlandsche*, McCotter's proffered rationale to dismiss Count One against Non-Appearing Defendants relies—

[14] It is not clear whether Judge Edelstein rejected this reason as being unsubstantiated or insubstantial.

at least in part—on a vague decision not to devote further resources to this prosecution, speculative proof problems regarding unnamed witnesses, and illusive claims about the likelihood of the foreign defendants' future arrests and the uncertainty of the prosecution's success based on undisclosed "evidence." *Compare Nederlandsche I*, 428 F. Supp. at 117, *and Nederlandsche II*, 75 F.R.D. at 474-76, *with* (Rule 48(a) Mot. at 1, *and* July 4 Ltr. at 7, *and* Aug. 11 Ltr. at 3). And just as the government's proffered rationale to dismiss the remaining individual defendants depended on Massaut's dismissal in *Nederlandsche*, McCotter's proffered rationale to dismiss Count Five depends on the dismissal of Count One. *Compare Nederlandsche I*, 428 F. Supp. at 117 ("The government's stated reason for dismissing as to the other individual defendants is 'since most of the remaining individuals played minor roles, it would be unfair to proceed against them while Massaut was being dismissed.'"), *with* (Aug. 14 Ltr. at 1 ("[T]he Government will not devote resources to a tagalong obstruction charge in this case when no underlying crime is being pursued.")).

Moreover, the August 11 and 14 letters merely resubmit the proffered reasons already rejected by this court in the August 10 Order and do not add additional facts for those reasons. As in *Nederlandsche*, "[s]uch total disregard for the procedures of this court is disheartening." *Nederlandsche II*, 75 F.R.D. at 475. And the total disregard for the procedural requirements of Rule 48(a) means that the Department's Rule 48(a) Motion to dismiss Counts One and Five must be denied.

* * *

Here, the evidence (or lack thereof) tells a story that either does not match or does not support the reasons given for McCotter's decision to dismiss with prejudice Counts One and Five as alleged against Non-Appearing Defendants. The court simply cannot ignore glaring insufficiencies in the record or the apparent

disconnect between the decision made and the facts given. Accepting unsubstantiated reasons or reasons that appear to be directly contradicted by the evidence that is before the court, would defeat the purpose of the Rule 48(a) enterprise. "If judicial review is to be more than an empty ritual, it must demand something better than the explanation[s] offered for the action taken in this case." *Dep't of Com.*, 588 U.S. at 785.

## III. CONCLUSION

For the reasons fully explained in the court's August 10 Order, and the additional reasons explained above, the Department has not provided the sufficient factual information Rule 48(a) requires. Thus, the Department has failed to satisfy Rule 48(a)'s threshold, procedural requirements. Therefore, the Department's Rule 48(a) Motion to dismiss Counts One and Five with prejudice as alleged against Non-Appearing Defendants Ranjit Gupta, Cyril Cabanes, Saurabh Agarwal, Deepak Malhotra, and Rupesh Agarwal with prejudice is DENIED WITHOUT PREJUDICE.

The court continues to encourage the Department to submit sufficient factual support for its proffered reasons for dismissal.

SO ORDERED.

Dated: Brooklyn, New York
September 3, 2026

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge